NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ROBERT P. GUEVARA, *Petitioner.*

No. 1 CA-CR 13-0018 PRPC
FILED 4-17-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2001-004376
The Honorable Robert E. Miles, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch

*Counsel for Respondent*

Robert P. Guevara, Buckeye

*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Maurice Portley joined.

---

**N O R R I S,** Judge:

¶1 Petitioner Robert P. Guevara petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Guevara pleaded no contest to second degree murder, and the superior court sentenced him to an aggravated term of 20 years imprisonment in 2004. Guevara now seeks review of the dismissal of his third post-conviction relief proceeding. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Guevara argues he should be resentenced pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because the superior court, rather than a jury, determined the existence of aggravating factors for sentencing purposes. He also argues his trial counsel and first post-conviction relief counsel were ineffective for failing to raise the *Apprendi* and *Blakely* issues in a timely fashion or otherwise explain his rights under those cases.

¶4 We deny relief. Guevara raised these same claims regarding *Apprendi*, *Blakely*, and the alleged ineffective assistance of his trial counsel in a 2010 writ of *coram nobis*, which the superior court treated as Guevara's second post-conviction relief proceeding. He could have also raised the claims regarding his first post-conviction relief counsel at that time. As a general rule, any claim a defendant raised or could have raised in a prior post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Further, none of the exceptions under Arizona Rule of Criminal Procedure 32.2(b) apply here.

¶5 Guevara argues *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), constitutes a significant change in the law that allows him to raise his untimely claim of ineffective assistance of counsel.

That case, however, is inapplicable in state post-conviction proceedings. *Martinez* held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. Accordingly, while Guevara may not raise an untimely ineffective assistance of counsel claim in state court post-conviction proceedings, he may seek habeas corpus relief in federal court based on such a claim if he can first show his post-conviction counsel was ineffective.

¶6     For the above reasons, we deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: MJT